d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAROLYN GREMILLION, Plaintiff | CIVIL DOCKET NO. 1:22-CV-06077 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| STATE FARM FIRE & CASUALTY CO, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 3) filed by Defendant State Farm Fire & Casualty Company ("State Farm"). State Farm claims that, because the originally named Plaintiff Avit Gremillion was deceased at the time of filing, the Court lacks subject matter jurisdiction. Since the motion was filed, however, the complaint has been amended to substitute the proper party as named plaintiff. Accordingly, the Motion to Dismiss (ECF No. 3) should be DENIED.

I. Background

On August 26, 2022, Plaintiff filed suit in the Ninth Judicial District Court for Rapides Parish, Louisiana. ECF No. 1-2. Avit Gremillion was the sole named plaintiff. The petition stated that he was "a person of the full age of majority and [a] resident of Alexandria, Louisiana." *Id.* at 1. The petition seeks recover of damages to residential property caused by Hurricane Laura.

State Farm removed based upon diversity jurisdiction. *See* ECF No. 1. State Farm then moved to dismiss, asserting that Avit Gremillion was deceased, and therefore, lacked capacity as plaintiff.

Shortly thereafter, Plaintiff moved to amend the lawsuit to substitute Carolyn Gremillion as named plaintiff. ECF No. 11. Carolyn Gremillion is the surviving spouse of Avit Gremillion, and is a named insured under the property insurance policy at issue in this lawsuit. *See id.* State Farm did not oppose the motion to amend. *See id.* at 6.

The Court granted the motion to amend (ECF Nos. 14, 18), and Carolyn Gremillion was substituted as named plaintiff in the First Amended Complaint (ECF No. 15). Avit Gremillion is not longer a named party. ECF No. 17. State Farm then answered the First Amended Complaint. ECF No. 19.

## II.  Law and Analysis

Rule 17 of the federal rules of Civil Procedure states that "[a]n action must be prosecuted in the name of the real party and interest." However, some individuals "may sue in their own names without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1). These individuals include executors and administrators. *See id.*

However, Rule 17(a)(3) sets forth a "safe harbor" provisions which may prevent dismissal: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."

2

Fed. R. Civ. P. 17(a)(3). Instead, "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

In some circumstances, courts have held that the safe harbor provision does not apply, and that dismissal is warranted, where a named plaintiff was deceased at the time of filing. *See, e.g., In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, No. 16-CV-2518, 2018 WL 11422637, at *2 (D. Minn. Nov. 28, 2018). These circumstances may include, for instance, cases in which no valid action existed at the time of filing, or when efforts to substitute the correct party have been delayed unreasonably. *See, e.g., id.* (and cases cited therein).

Here, however, dismissal is unwarranted for several reasons. First, as noted, State Farm consented to the substitution of Carolyn Gremillion as the named plaintiff. To its credit, State Farm's consent comports with the "modern function of the rule in its negative aspect," which is "simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17 (cmt. 1966 amend.).

Second, efforts to address the error were neither dilatory nor prejudicial to State Farm. Notwithstanding removal and other procedural requirements at the outset of the litigation before this Court, Plaintiff sought leave to substitute within a few months of filing suit, and within a month of State Farm's motion to dismiss identifying this problem. State Farm has not been forced to litigate – to any

substantive defree – against improper parties. Any delay has caused little or no detriment to State Farm or the litigation itself, and has not created any risk that State Farm may resolve the litigation against an improper party only to be forced to relitigate against the correct party in the future. *See CRU Shreveport, LLC v. United Nat'l Ins. Co.*, No. CV 5:20-0151, 2021 WL 5054165, at *10 (W.D. La. July 28, 2021).

Rather, this case presents circumstances that could reasonably amount to an "honest mistake" in identifying and substituting the correct party. *See* Fed. R. Civ. P. 17 (cmt. 1966 amend.). Counsel for Plaintiff explained that Carolyn Gremillion contacted counsel two days before the end of the prescriptive period. Subsequent contact with her was, at least for some time, difficult. And with such limited time to preserve any viable claims, suit was filed before additional details and confirmations could be obtained. Meanwhile, the underlying insurance contract, the nature of the claims, and the posture of the litigation all remain the same after substitution. In such circumstances, substitution and continuation – rather than dismissal – is the more appropriate remedy. *See, e.g.*, *Matter of Alpha VesselCo, LLC*, No. 6:19-CV-01194, 2021 WL 1654157, at *2 (W.D. La. Apr. 9, 2021), *report and recommendation adopted,* No. 6:19-CV-01194, 2021 WL 1654131 (W.D. La. Apr. 27, 2021).

### III. Conclusion

Because the correct party in interest has been substituted as named plaintiff, and because no other circumstances warrant dismissal, State Farm's Motion to Dismiss (ECF No. 3) should be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, August 28, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE